# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| URSULA LENHARDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-4125-SAC-KGG |
| | ) | |
| DREAMLINER MOTEL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM & ORDER ON
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES,
AND MOTION TO APPOINT COUNSEL**

In conjunction with her federal court Complaint (Doc. 1), Plaintiff Ursula Lenhardt has also filed an Application to Proceed Without Prepaying Fees or Costs ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). Plaintiff also filed a Motion to Appoint Counsel. (Doc. 4.) After review of Plaintiff's motions, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3) and **DENIES** her request for counsel (Doc. 4).

**A.   Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a

1

privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff fails to provide her age, but indicates she is single with no dependents. (Doc. 3-1, sealed, at 1, 2.) She is unemployed and lists Defendant as her prior employer. (*Id*., at 2, 3.) She also indicates that she worked intermittently for a "Mr. Dwight Murray" after she worked for Defendant. (*Id*., at 4.) She does not however, say how long she worked for him or state her wage. She only says that he "did not file any

2

paperwork to employ [her] properly . . . ." (*Id.*) She also indicates, however, that she does not have a work permit to be employed in the United States. (*Id.*, at 6.)

Plaintiff owns real property, which she indicates has minimal estimated value and no stated equity. (*Id.*, at 3.) She does not own an automobile. (*Id.*, at 5.) She lists only a small amount of cash on hand and sources of income such as government benefits. (*Id.*) She indicates that she "sometimes" receives money from her sister in Germany relating to a business she once owned there, but provides no details or amounts. (*Id.*, at 7.) Plaintiff lists typical monthly expenses, including groceries, electric, phone, and water. (*Id.*, at 6.) She has never filed for bankruptcy. (*Id.*, at 7.)

Considering the information contained in her financial affidavit, the Court finds that Plaintiff has established that her access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**B.     Motion to Appoint Counsel.**

Plaintiff has also filed a motion requesting the appointment of counsel. (Doc. 4.) As an initial matter, the Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to

request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

As discussed in Section A., *supra*, Plaintiff's financial situation would make it impossible for her to afford counsel. The second factor is Plaintiff's diligence in searching for counsel. Based on the information contained in the form motion,

Plaintiff has not been diligent in her attempt to secure legal representation. (Doc. 4.) The form motion clearly indicates that "the court typically requires that before seeking an appointed attorney, a plaintiff <u>confer with</u> (not merely contact) at least five attorneys regarding legal representation." (*Id.*, at 2 (emphasis in original).) Plaintiff's motion lists only two contacted attorneys. (*Id.*) Plaintiff states that she "contacted at least 3 more attorneys and they all refused to represent me in this case" but she "unfortunately disposed their names and addresses afterwards." (*Id.*) Given the balance of the other ***Castner*** factors in this case, the Court finds it unnecessary to require Plaintiff to contact additional attorneys or attempt to find the names of the unidentified attorneys to whom she previously spoke.

As for the next factor, the merits of Plaintiff's case, the Court finds Plaintiff's claims of employment harassment to be facially sufficient. (*See generally* Doc. 1.) The Court's analysis thus turns to the final factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. ***Castner***, 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's

allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. The Court acknowledges that Plaintiff is not trained as an attorney and speaks English as a second language. Even so, although an attorney might present this case more effectively, these facts alone do not warrant appointment of counsel. There is no indication in Plaintiff's filings that her familiarity with, and use of, the English language will impede her ability to represent herself. As such, the Motion to Appoint Counsel (Doc. 4, sealed) is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 1st day of October, 2018.

s/ K<small>ENNETH</small> G. G<small>ALE</small>  
KENNETH G. GALE  
United States Magistrate Judge